

## NUMBER 13-18-00277-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JESSICA BROUSSARD, **Appellant,**

**v.**

OMNI HOTELS CORPORATION
AND OMNI HOTELS
MANAGEMENT CORPORATION, **Appellees.**

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Jessica Broussard brought a premises liability suit against appellees

Omni Hotels Corporation and Omni Hotels Management Corporation (collectively Omni).

After a jury trial, the trial court entered a take-nothing judgment against Broussard. By

two issues on appeal, Broussard argues that the trial court erred by: (1) allowing an undesignated expert to testify concerning building code interpretation; and (2) excluding evidence of three allegedly similar accidents. We reverse and remand.

## I. BACKGROUND

The underlying facts are uncontested. On July 29, 2014, Broussard, a sixty-year old woman from Houston, was eating at the Republic of Texas Bar and Grill restaurant with her family on the top floor of an Omni Hotel in Corpus Christi. A host from the hotel led Broussard and her family down a flight of carpeted stairs that led to a table; however, Broussard fell near the bottom of the stairs. She was transported by ambulance to a hospital; doctors confirmed that she broke her ankle in multiple locations.

Omni's loss prevention officer Larry Esquivel arrived at the scene to complete an incident report. According to Esquivel's report, he did not witness the fall; however, he noted that Broussard suffered "severe pain." The host and the Broussards testified that the restaurant seemed "dim," whereas Esquivel believed the restaurant was well lit.

In May of 2016, Broussard filed a premises liability suit against Omni, complaining that the "stairs were too short lengthwise, did not offer any skid protection at their nose, were in a dark area with slippery carpet and had inadequate hand rails." During discovery, Omni designated a testifying expert, Thomas Burns, who opined concerning the applicable building code requirements but did not specifically state whether he believed that Omni was in compliance with the code.[1] Broussard gave Omni notice of her intent to depose a corporate representative of Omni concerning Omni's lighting and whether it

---

[1] On appeal, both parties agree that the applicable code was the 1979 version of the Southern Building Code.

violated the applicable code, among other things. The trial court ordered Omni to present a corporate representative "who can speak to . . . [t]he lighting of the incident stairs [and] . . . [w]hether the lighting of the incident stairs violated municipal codes at the time of the incident."

Omni designated Randy Atwood as its corporate representative. During his deposition, Atwood generally agreed with Burns's opinion on the applicable building code and what that entailed. However, based on his review of a report by Broussard's expert, Jason English, Atwood also agreed that "Broussard fell on stairs at night that didn't meet the illumination code requirements."

At trial, English testified that the light measurement he took at the bottom of the stairs was approximately one-tenth of the lighting required according to the code. Accordingly, he opined that the stairs were underlit and that Omni was in violation of the code. Omni did not call Burns, its designated testifying expert, at trial. Instead, Omni called only two witnesses: Esquivel and D.J. McGlothern, a vice president of construction operations and asset management for Omni. McGlothern testified that Omni was not in violation of the code. According to McGlothern's interpretation of the code, there is no minimum light requirement applicable to "non-exit" areas, such as the stairs where Broussard fell. He testified that the stairs could be nearly pitch black and "that technically wouldn't violate [the] code." Broussard objected multiple times asserting that McGlothern was never designated as a testifying expert and that his testimony concerning his interpretation of the code should be excluded. The trial court overruled Broussard's objections, and Broussard obtained a running objection.

3

The jury returned a verdict finding that neither Broussard nor Omni were negligent. The trial court entered a take-nothing judgment against Broussard. Broussard filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II. EXPERT TESTIMONY

In her first issue, Broussard argues that the trial court erred by failing to exclude McGlothern's "undesignated expert testimony."

### A. Standard of Review and Applicable Law

We review a trial court's decision to admit expert testimony for an abuse of discretion, and that decision may not be reversed unless it fell outside the zone of reasonable disagreement. *Blasdell v. State*, 470 S.W.3d 59, 62 (Tex. Crim. App. 2015). "A party who fails to timely designate an expert has the burden of establishing good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence." *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (citing TEX. R. CIV. P. 193.6(b)); *see Alvarado v. Farah Mfg. Co. Inc.,* 830 S.W.2d 911, 914 (Tex. 1992); *see also In re B.L.B.*, No. 13-13-00594-CV, 2014 WL 2158132, at *5 (Tex. App.—Corpus Christi–Edinburg May 22, 2014, no pet.) (mem. op.) ("The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause.").

Generally, lay witnesses may not give legal conclusions or interpret the law to the jury and they must limit their testimony to facts of which they possess personal knowledge. *See* TEX. R. EVID. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's

4

perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue."); *Schronk v. City of Burleson*, 387 S.W.3d 692, 705 (Tex. App.—Waco 2009, pet. denied); *United Way of San Antonio, Inc. v. Helping Hands Lifeline Found., Inc.*, 949 S.W.2d 707, 713 (Tex. App.—San Antonio 1997, writ denied); *see also Anderson v. Snoddy*, No. 06-14-00096-CV, 2015 WL 5634564, at *10 (Tex. App.—Texarkana Sept. 25, 2015, pet. denied) (mem. op.). On the other hand, an expert witness may offer his opinion or legal conclusion. *See* TEX. R. EVID. 702 (stating that experts "may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"); *United Way of San Antonio, Inc.*, 949 S.W.2d at 713; *see also Lee v. Kline*, No. 14-98-00268-CV, 2000 WL 19227, at *6 n.10 (Tex. App.—Houston [14th Dist.] Jan. 13, 2000, pet. denied) (op. on reh'g, not designated for publication).

To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause, and probably did cause, the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1).

## B. Discussion

According to Broussard, McGlothern's testimony regarding his interpretation of the building code was expert testimony that should have been excluded by the trial court because McGlothern was never designated as an expert and Omni never demonstrated good cause or lack of unfair surprise or prejudice. Omni claims that McGlothern did not testify as an expert; rather, he simply offered opinion testimony that he "rationally

5

derive[d]" from his personal experience. Thus, Omni argues that McGlothern gave permissible lay witness testimony.

The parties do not dispute that McGlothern was not designated as a testifying expert. Broussard acknowledges that McGlothern was properly designated as a potential fact witness. The record shows that Omni disclosed a list identifying hundreds of potential witnesses as "Persons with Knowledge of Relevant Facts." This list described McGlothern simply as: "Corporate Project employee for Defendant may have information regarding renovation 2014." We agree with Omni in that much of McGlothern's testimony was based on his own experiences and limited to facts within the realm of his personal knowledge. For example, McGlothern testified extensively as to the layout of the restaurant, its size, the location of the exits, the distance from the stairs to the exits, and the sprinkler system; this is all permissible lay testimony. *See* TEX. R. EVID. 701. However, we disagree with Omni's assertion that McGlothern's interpretation of building code was proper lay opinion. Omni has not cited, and we have not found, any authority for the proposition that a lay witness may offer his interpretation of codes or statutes. *Cf. United Way of San Antonio, Inc.*, 949 S.W.2d at 713. Meanwhile, at least two of our sister courts have specifically held that such code interpretation is outside the realm of proper lay testimony. *See Schronk*, 387 S.W.3d at 705; *see also Anderson*, 2015 WL 5634564, at *10. In *Schronk*, the Waco Court of Appeals specifically held that it was improper for a lay witness to offer their opinion as to whether the conduct in question "constituted a violation of section 779.003 [of the Texas Health and Safety Code]." 387 S.W.3d at 705. In *Anderson*, the trial court had prevented counsel from asking a lay witness about his interpretation of § 152.102 of the Texas Property Code, stating, "you can't ask the witness

6

to testify as a legal expert." 2015 WL 5634564, at *10. The Texarkana Court of Appeals affirmed the trial court's ruling, observing that "[a] lay witness is not allowed to make legal conclusions or interpret the law." *Id.*

In the present case, Omni called McGlothern as a lay witness, but then asked him for his interpretation of the building code. McGlothern testified that he "reads codes and reads them for a living and has been doing it for fifty-one years." He testified concerning the phrase "means of egress" in the building code, and ultimately concluded, based on his interpretation of the code, that Omni was not in violation of the code. Omni implied that McGlothern's testimony was not expert testimony because it was not based upon "esoteric scientific analysis"; instead, McGlothern leaned upon "personal experience." However, there are many experts "in fields of study outside the hard sciences." *Rhomer v. State*, 569 S.W.3d 664, 671 (Tex. Crim. App. 2019); *Olin Corp. v. Smith*, 990 S.W.2d 789, 796 (Tex. App.—Austin 1999, pet. denied) (explaining the difference between "scientific" and "non-scientific" experts: scientific experts rely upon the application of scientific principles whereas non-scientific experts rely upon skill-based or experience-based observations for the basis of their opinions.). The interpretation of code language is not something "rationally based" on a witness's perception. *See* TEX. R. EVID. 701; *Schronk*, 387 S.W.3d at 705; *see also Anderson*, 2015 WL 5634564, at *10. Even though interpreting codes does not involve "esoteric scientific analysis," it is more properly the basis of a skill-based or experience-based expert than that of a lay witness. *See Olin Corp.*, 990 S.W.2d at 796. Therefore, we conclude that it was impermissible for McGlothern to testify concerning his interpretation of the building code as a lay witness. Furthermore, Omni never proved, or even argued, good cause or lack of unfair surprise

7

or prejudice. *See Gillenwater*, 285 S.W.3d at 881. Thus, the trial court erred by admitting McGlothern's testimony concerning code interpretation.

Furthermore, the trial court's admission of McGlothern's testimony concerning his interpretation of the code probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). Before trial began, Omni's expert Burns offered no opinion on whether Omni was in compliance with applicable codes. Omni's designated corporate representative conceded that Omni was not in compliance with applicable lighting requirements of the code. During trial, Omni only called two witnesses, the last of which was McGlothern, who testified extensively about his experience interpreting codes. For the first time, Omni, through McGlothern's testimony, asserted that it was in complete compliance with the building code. Additionally, Omni relied heavily on McGlothern's testimony during closing arguments, contrasting Broussard's "paid expert" with their "gentleman . . . who reads codes and reads them for a living and has been doing it for fifty-one years." Therefore, we conclude that the admission of his testimony regarding his interpretation of the code was calculated to, and probably did, cause the rendition of an improper judgment. *See id.*; *United Way of San Antonio, Inc.*, 949 S.W.2d at 713. We sustain Broussard's first issue. Because we sustain Broussard's first issue, we need not address her second issue. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the trial court's judgment and remand to the trial court for further proceedings in accordance with this opinion.

8

NORA L. LONGORIA
Justice

Delivered and filed the
12th day of September, 2019.